UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

EDWARD WILLIAMS

                                           Plaintiff,

            -against-

CITY OF NEW YORK, POLICE OFFICER JONATHAN DECASTRO SHIELD# 14377, POLICE OFFICER GREGORY SCALCIONE, POLICE OFFICER THOMAS MIKALINIS AND POLICE OFFICER JAMES COONEY,

                                           Defendants.

FIRST AMENDED COMPLAINT AND JURY DEMAND

13CV1984

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief through 42 U.S.C. §1983 for the violation of his Fourth and Fourteenth Amendment rights in addition to violations of the laws and Constitution of the State of New York.

2. The claim arises from a February 4, 2012 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, false arrest, excessive force, assault and battery.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988 and the laws and Constitution

of the State of New York.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of pendent jurisdiction.

6. The amount in controversy exceeds $75,000.00 excluding interest and costs.

## VENUE

7. Venue is laid within the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District.

## PARTIES

8. Plaintiff resided at all times here relevant in Richmond County, City and State of New York.

9. The City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the New York Police Department (or "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

10. Police Officer Jonathan DeCastro was, at all times here relevant, a police officer of the NYPD, and as such was acting in the capacity of an agent, servant and employee of the City of New York. On information and belief, at all times relevant hereto, defendant DeCastro was involved in the decision to arrest plaintiff without probable cause or failed

to intervene in the actions of his fellow officers when he observed them arresting and assaulting plaintiff without probable cause. On information and belief, at all times relevant hereto, defendant DeCastro was under the command of the 90th precinct and is sued in his individual capacity.

11. Police Officer Gregory Scalcione was, at all times here relevant, a police officer of the NYPD, and as such was acting in the capacity of an agent, servant and employee of the City of New York. On information and belief, at all times relevant hereto, defendant Scalcione was involved in the decision to arrest plaintiff without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting and assaulting plaintiff without probable cause. On information and belief, at all times relevant hereto, defendant Scalcione was under the command of the PSA3 and is sued in his individual capacity.

12. Police Officer Thomas Mikalinis was, at all times here relevant, a police officer of the NYPD, and as such was acting in the capacity of an agent, servant and employee of the City of New York. On information and belief, at all times relevant hereto, defendant Mikalinis was involved in the decision to arrest plaintiff without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting and assaulting plaintiff without probable cause. On information and belief, at all times relevant hereto, defendant Mikalinis was under the command of the PSA3 and is sued in his individual capacity.

13. Police Officer James Cooney was, at all times here relevant, a police officer of the NYPD, and as such was acting in the capacity of an agent, servant and employee of the City of New York. On information and belief, at all times relevant hereto, defendant

Cooney was involved in the decision to arrest plaintiff without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting and assaulting plaintiff without probable cause. On information and belief, at all times relevant hereto, defendant Cooney was under the command of the PSA3 and is sued in his individual capacity.

14. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

15. Within 90 days of the events giving rise to these claims, plaintiff filed written notices of claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of those notices, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

16. Mr. Williams is a 32 year old man with no criminal record. On February 4, 2012, at approximately 12AM, plaintiff was in the hallway of 869 Flushing Ave, Brooklyn, NY. He and his girlfriend had just left a party being held in an apartment on the 16th Floor. Police officers, including defendant DeCastro approached plaintiff and demanded to know what he was doing in the building. Plaintiff and his girlfriend explained they were just leaving a party.

17. The officers then demanded to see identification. Plaintiff produced several pieces of ID, including his security guard license and Medicaid card. The officers still weren't satisfied and demanded that plaintiff provided a home address. Plaintiff asked

4

why the officers continued to detain him and begged that they simply knock on the door of the party to confirm where he had just come from. The officers refused and told plaintiff to put his hands behind his back. Plaintiff asked why he was being arrested and was struck in the face. Plaintiff was thrown against the wall, taken to the ground and repeatedly struck in the face and body.

18. Plaintiff has asthma. Throughout the assault, plaintiff complained that he was having difficulty breathing especially when the officers had pulled his shirt up over his head. Plaintiff was shackled and taken by several officers out of the building and into a van waiting outside. Inside the van, while plaintiff was handcuffed, he was again struck in the face by the officers.

19. Plaintiff was transported to PSA 3 where he was placed in a cell. He repeatedly asked for medical attention and was, after several hours, transported to Woodhull Hospital. At Woodhull, plaintiff was diagnosed with several contusions and swelling on his face and body. He was given a Catscan to rule out any internal damage.

20. Approximately 38 hours later, plaintiff was released by the criminal court judge. All charges have been dismissed and sealed.

21. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

22. During all of the events above described, defendants acted maliciously and with

intent to injure plaintiff.

## DAMAGES

23. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a. Violation of his rights pursuant to the Fourth Amendment of the United States Constitution to be free from an unreasonable search and seizure of their persons;

    b. Violation of his rights pursuant to the Fourteenth Amendment of the United States Constitution to due process;

    c. Violation of his New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

    d. Violation of his New York State Constitutional rights under Article 1, Section 6 to due process;

    e. Physical pain and suffering;

    f. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

    g. Loss of liberty.

## FIRST CAUSE OF ACTION
42 U.S.C. § 1983

24. The above paragraphs are here incorporated by reference.

25. Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure, excessive force and to due process of law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and are liable to plaintiff under 42 U.S.C.

§1983.

26. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
False Arrest and False Imprisonment

27. The above paragraphs are here incorporated by reference.

28. Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

29. Defendants intended to confine plaintiff, plaintiff was conscious of his confinement and did not consent to his confinement.

30. Defendants, their officers, agents, servants and employees, were responsible for plaintiff's arrest, detention and imprisonment during this period of time. Defendant City, as employer of Officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

31. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

## THIRD CAUSE OF ACTION
Assault and Battery

32. The above paragraphs are here incorporated by reference.

33. Upon approaching plaintiff, throwing him to the floor and repeatedly striking him, defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and offensive touching.

34. Defendants engaged in and subjected plaintiff to immediate harmful and offensive touching and battered him without his consent.

35. Defendants used excessive and unnecessary force with plaintiff.

36. Defendants, their officers, agents, servants and employees, were responsible for plaintiff's arrest, detention and imprisonment during this period of time. Defendant City, as employer of Officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

37. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

### FOURTH CAUSE OF ACTION
Municipal Liability 42 U.S.C. §1983

38. The above paragraphs are here incorporated by reference.

39. The City is liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.

40. The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of plaintiff's constitutional rights in this case.

41. The aforesaid event was not an isolated incident. The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of his police officers use excessive force,

unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of his fellow officers. Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist.

42. For example, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

43. The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extraordinarily rare event that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer, which Commissioner Kelly has done on

many occasions.

44.  Further, the City has no procedure to notify individual officers or his supervisors of unfavorable judicial review of his conduct.  Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated his law department from the discipline of police officers, so that civil suits against police officers for actions taken in his capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions.  Alan Hevesi, as New York City Comptroller, in 1999 reported that there was a "a total disconnect" between the settlements of even substantial civil claims and police department action against officers.

45.  The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights.  Despite such notice, the City has failed to take corrective action.  This failure and these policies caused the officers in the present case to violate plaintiff's civil rights, without fear of reprisal.

46.  Plaintiff has been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A.  In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B.  Awarding plaintiff punitive damages in an amount to be determined by a jury;

  C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

  D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:
   Brooklyn, New York
   October 3, 2013

                Respectfully yours,

                */s/ Nicole Bellina*

TO:
 City of New York      By: Nicole Bellina, Esq.
 Office Jonathan DeCastro   Stoll, Glickman & Bellina, LLP
 Office of Corporation Counsel  Attorneys for Plaintiff
 100 Church Street      475 Atlantic Ave. Fl.3
 New York, NY 10007     Brooklyn, NY 11217
                (718) 852-3710 x103

 Police Office Gregory Scalcione
 Technical Assistance Response Unit
 610 Little Bay Rd
 Fort Totten, NY 11359-1141

 Police Officer Thomas Mikalinis
 Police Officer James Cooney
 PSA 3
 25 Central Avenue
 Brooklyn NY 11206